87 So.2d 809 (1956)
Allice McCoy, Appellant,
v.
FLORIDA POWER and LIGHT COMPANY, Appellee.
Supreme Court of Florida. Division B.
May 23, 1956.
*810 F. Malcolm Cunningham, West Palm Beach, for appellant.
Earnest, Lewis, Smith & Jones, West Palm Beach, for appellee.
THOMAS, Justice.
Ezekiel McCoy, employee of Lake Ridge Nursery and Flower Shop, was engaged in pruning trees when he came in contact with a wire carrying a current of high voltage, and was electrocuted.
Two dependents, his wife and his mother, survived McCoy, and both are receiving benefits under the Workmen's Compensation Law. Sec. 440.16, Florida Statutes 1953, and F.S.A.
These dependents filed an action against the appellee, Florida Power and Light Company, claiming that damages they suffered by the loss of McCoy were the result of the negligent maintenance by the defendant of the electric wire. Then the wife dismissed her case leaving the mother as party plaintiff and, later, upon motion of the defendant summary judgment was entered in favor of the defendant on the ground that the remaining plaintiff could not maintain the action.
We agree with the appellant's observation that the law was designed to protect workers and their dependents against the hardships that arise from the workers' injury or death arising out of employment and occurring during employment, and to prevent those who depend on the workers' wages from becoming charges on the community. The law operates to place the burden for such misfortunes upon industry. Whitehead v. Keene Roofing Co., Fla., 43 So.2d 464. Of course, compensation is secured to the laborer and his dependents regardless of the circumstance that the injury may have been caused by a stranger to the relationship of employer and employee. Sec. 440.39(1), Florida Statutes 1953, and F.S.A.
The law provides procedure for an action by the employee, or upon his delay for a certain period, by the employer, against a third person who by his negligence may have caused the injury or death. Sec. 440.39(3, 4), supra. There is no need to detail now the provisions for such procedure because our treatment of the present controversy may be greatly simplified by not doing so.
We must decide whether or not a dependent mother, recipient with a surviving widow of compensation under the law, Sec. 440.16, Florida Statutes 1953, and F.S.A., may carry on a suit against a third-party tort-feasor despite the provisions of Sec. 768.01, Florida Statutes 1953, and F.S.A., dealing with rights of action for death due to negligence, and the requirement of Sec. 768.02, Florida Statutes 1953, and F.S.A., that every such action "shall be brought by and in the name of the widow * * * and where there is [no] widow * * * then the minor child * * *; and where there is neither widow * * * nor minor child * * * then * * * by any person * * * dependent on such person killed for a support * * *." We have deleted such portions as do not apply to widows and other dependents.
The appellant argues that the restrictions outlined in the statute just quoted, relative *811 to the succession of persons who may institute actions, do not apply in cases like the present one because in Sec. 440.39(1) of Workmen's Compensation Law it is specified that an "employee, his dependents or personal representatives may pursue his remedy by action at law or otherwise against such third party tort-feasor." Appellant contends that this provision entitles her to maintain a suit separate and distinct from any suit by the widow under the "wrongful death statute."
We find nothing in this language to justify a ruling that, in addition to the protection afforded to the deceased worker's dependents under Workmen's Compensation Law, they may prosecute a claim against a third-party tort-feasor as plaintiffs in a different manner than that which must be employed by persons who do not have the benefit of the Workmen's Compensation Law.
We cannot construe the language of Section 440.39(3), supra, relative to actions at law against third-party tort-feasors by the employee or his dependents "or those entitled by law to sue in the event [the employee] is deceased" to grant any special concession irrespective of Sec. 768.02, supra. Cf. Vanlandingham v. Florida Power & Light Co., 154 Fla. 628, 18 So.2d 678.
When a workman is killed any action by a survivor against a third party is governed by the same rules that apply to other litigants, and the proper party plaintiff is determined in the order specified in Sec. 768.02, supra. So the surviving widow was, alone, entitled to sue and when she dismissed her case the mother, though a dependent, did not succeed to that right.
Affirmed.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.