339 So.2d 1148 (1976)
James E. HERTZ, Appellant,
v.
William FISHER, Jr., Appellee.
No. BB-361.
District Court of Appeal of Florida, First District.
December 3, 1976.
James E. Hertz, Pensacola, for appellant.
William Fisher, Jr., Pensacola, for appellee.
McCORD, Judge.
Appellee, William Fisher, Jr., obtained a judgment against appellant, James E. Hertz. Thereafter, the trial court issued a writ of garnishment against the Florida First National Bank of Pensacola to attach the bank account of Hertz. Hertz filed a petition for dissolution of the writ of garnishment which was denied, and thereafter the court entered final judgment directing the garnishee bank to pay Fisher the sum of $3,391.19, which was the amount garnishee admitted in its answer that it was indebted to Hertz, less garnishee's attorney's fees and the cost. The appeal is from the garnishment judgment.
In the garnishment proceeding, Hertz filed an affidavit stating that he was the head of a household as defined by the Florida Constitution and that the money in the bank account was received by him for personal services rendered. He contended in the trial court and contends here that the monies paid to him for personal labor or services and deposited in his bank account are not subject to writ of garnishment by virtue of § 222.11, Fla. Stat., which provides as follows:
"No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the *1149 money or other thing is due for the personal labor or services of such person."
We disagree with appellant's contention. Although from his affidavit it appears that he is the head of a family residing in this state and that the money in his bank account is money which was paid to him for personal services, such money is no longer due to him for personal services because it has been paid by those for whom he performed the personal services. It is not now due for personal services but is payable to him by the bank by virtue of it being held by the bank to his credit in his bank account.
AFFIRMED.
BOYER, C.J., and MILLS, J., concur.