690 So.2d 589 (1997)
Daniel Edward BROWARD, Petitioner,
v.
JACKSONVILLE MEDICAL CENTER, Respondents.
No. 88251.
Supreme Court of Florida.
March 20, 1997.
*590 William W. Massey, III of William W. Massey, III, P.A., Jacksonville; and Richard A. Sicking, Miami, for Petitioner.
Sidney E. Lewis of Sidney E. Lewis, P.A., Jacksonville, for Respondents.
GRIMES, Justice.
We have for review a decision addressing the following question certified to be of great public importance:
DOES THE "DUE OR PAYABLE" LANGUAGE OF SECTION 440.22, FLORIDA STATUTES, MEAN THAT ONCE COMPENSATION BENEFITS HAVE BEEN PAID TO AN INJURED EMPLOYEE OR HIS OR HER BENEFICIARIES THAT SUCH BENEFITS ARE NO LONGER EXEMPT FROM ALL CLAIMS OF CREDITORS?
Broward v. Jacksonville Medical Center, Inc., 673 So.2d 962, 964 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.

FACTS
Jacksonville Medical Center, Inc. (JMC), obtained a judgment against Daniel Edward Broward for an unpaid bill for medical services. Subsequently, Broward suffered a work-related injury and thereafter received a lump-sum workers' compensation benefits payment. He deposited the proceeds in a savings account. The funds were not intermingled with other monies. JMC then sought a writ of garnishment against the bank in county court in order to reach the funds. In response, Broward claimed that the exemption in section 440.22, Florida Statutes (1993), protected the benefits from JMC's attempt to garnish them. Section 440.22 provides:
No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.
(Emphasis added.) The county court determined that the "due or payable" language of the statute limited the exemption to funds not yet received. Thus, because the workers' compensation benefits were received and deposited in a bank account, the exemption no longer applied. The circuit court agreed with the county court's construction of the statute and affirmed the decision. Convinced that the clear language of the statute mandated such a result, the First District Court of Appeal denied certiorari but certified the above question to this Court.

DISCUSSION
The only case on point which interprets this statute is In re Fraley, 148 B.R. 635 (Bankr.M.D.Fla.1992). In Fraley, the debtor claimed that the proceeds of a lump-sum workers' compensation settlement which he had deposited in the bank were exempt from bankruptcy. The parties made the same arguments as those in the instant case. The bankruptcy judge reasoned that the "due or payable" provision was inconsistent with the broadly framed language of the balance of the statute. Turning to legislative intent, the judge concluded:
Given the broad scope and the intention to protect beneficiaries, this Court cannot construe the "due or payable" phrase to have the far-reaching, restrictive meaning *591 advanced by the trustee. The statute was designed to protect workers' compensation claimants source of support from the claims of creditors. The $5,000.00 on deposit in the Sun Bank of Ocala, directly traceable to the workers' compensation settlement, is exempt from the estate under Fla.Stat. ch. 440.22.
Id. at 637.
Like the bankruptcy judge in Fraley, we are not convinced of the clarity of the statute. While we agree that the words "due or payable" carry the meaning of something owing, a plausible argument can be made that these words are not applicable to the entire statute. Section 440.22 consists of one sentence that is composed of two clauses. The first clause states that "[n]o assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid." The clear meaning of this clause is to prevent the beneficiary from assigning or otherwise disposing of the benefits before they are paid.
The second clause provides that "compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived." The remedies specified in that clause are those traditionally employed for the collection of funds which are already in the hands of the debtor. Because these remedies have little relevance to the words "due or payable," it can be argued that those words modify only the first clause.
We find the statute to be ambiguous at best. Under these circumstances, it is appropriate to consider legislative intent. See Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993). The Workers' Compensation Law is designed to protect employees and their dependents against the hardships that arise from an employee's injury or death arising from the course of employment. McCoy v. Florida Power & Light Co., 87 So.2d 809, 810 (Fla.1956). As we said in Daniel v. Holmes Lumber Co., 490 So.2d 1252, 1256 (Fla.1986):
Florida's workers' compensation laws are remedial in nature and the courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers.
While the employee is unable to work, the workers' compensation benefits provide a means of support for the employee and the employee's family, essentially replacing the employee's regular source of income. Clearly, under section 440.22, the beneficiary of workers' compensation benefits cannot assign the benefits before they are received. Yet, if we were to adopt JMC's position, a creditor could execute on the benefits immediately after they are received by the beneficiary, thereby thwarting the purpose of the exemption. As Judge (later Justice) Cardozo so eloquently stated when discussing the same issue:
They [the moneys due under the Workmen's Compensation Law] will no longer be a fund for the support of the indigent and the helpless.
So narrow a construction thwarts the purpose of the statute. Workmen's Compensation Law was framed to supply an injured workman with a substitute for wages during the whole or at least a part of the term of disability. He was to be saved from becoming one of the derelicts of society, a fragment of human wreckage.... Rehabilitation of the man, not payment of his ancient debts, is the theme of the statute, and its animating motive.
Surace v. Danna, 248 N.Y. 18, 161 N.E. 315, 315-16 (1928) (citations omitted). Thus we hold that under section 440.22, workers' compensation benefits remain exempt in the hands of the beneficiary.
Other courts construing similar, though not identically worded, statutes have reached the same conclusion. Vukovich v. Ossic, 50 Ariz. 194, 70 P.2d 324 (1937); Matthews v. Lewis, 617 S.W.2d 43 (Ky.1981); General Motors Acceptance Corp. v. Falcone, 130 N.J.Super. 517, 327 A.2d 699 (1974); In re Nolen, 65 B.R. 1014 (Bankr.D.N.M.1986); Gaddy v. First Nat'l Bank, 115 Tex. 393, 283 S.W. 472 (1926). Contra Merchants Bank v. Weaver, 213 N.C. 767, 197 S.E. 551 (1938); McCabe v. Fee, 279 Or. 437, 568 P.2d 661 (1977).
*592 The district court of appeal was influenced in its decision by the legislative history of the wage exemption in section 222.11, Florida Statutes (1983), which prior to 1985 read as follows:
No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this State, when the money or other thing is due for the personal labor or services of such person.
The courts in Hertz v. Fisher, 339 So.2d 1148 (Fla. 1st DCA 1976), and Holmes v. Blazer Financial Services, Inc., 369 So.2d 987 (Fla. 4th DCA 1979), interpreted the foregoing wording of section 222.11 to mean that wages for personal services were no longer exempt from creditors once they were placed in a bank account. In 1985, the legislature expanded the exemption in section 222.11 by adding an additional sentence, which provided that "[t]his exemption shall apply to any wages deposited in any bank account maintained by the debtor when said funds can be traced and properly identified as wages." § 222.11, Fla.Stat. (1989). In 1993, the legislature again amended section 222.11 to provide that the funds are exempt for six months after earnings are received by the financial institution if they can be traced and properly identified, even though they may have been commingled with other funds. Because no similar amendments had been made to section 440.22, the court below felt that this reflected a legislative intent that workers' compensation benefits once deposited in a bank account were no longer exempt.
The legislative history of section 222.11 does not draw us to the same conclusion. In the first place, the wording of the two statutes is somewhat different. Moreover, the fact that the legislature responded to two court decisions which gave a limiting construction to the exemption provided by section 222.11 does not mean that the legislature views the exemption provided by section 440.22 differently. The legislature was never called upon to amend section 440.22 because no court has ever placed such a limiting construction on that statute. Therefore, we believe our construction of section 440.22 is consistent with the wage exemption found in section 222.11. Precluding a creditor's claim against a worker's source of income while he or she is able to work, but permitting a creditor to reach a worker's source of income while he or she is injured and unable to work, a time when the need for income is particularly critical, offends notions of justice and logic.
We do suggest that the legislature may wish to address the issues of (1) the length of the exemption, as it did with the wage exemption, and (2) the effect of converting the funds into another form, such as an automobile or shares of stock.[1] It is unnecessary for us to reach these issues in this case.

CONCLUSION
To summarize, the exemption in section 440.22 applies to workers' compensation benefits received by the beneficiary and deposited in a bank account, so long as the funds are traceable to the workers' compensation benefits. Accordingly, we answer the certified question in the negative and quash the decision of the court below. We remand this case to the district court of appeal for action consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW and ANSTEAD, JJ., concur.
HARDING, J., dissents with an opinion, in which WELLS, J., concurs.
HARDING, Justice, dissenting.
I respectfully dissent from the majority for several reasons. Like the courts below that *593 have reviewed and ruled in this case, I do not find the term "due and payable" to be ambiguous. Broward urges, as he did below, that broad policy considerations require that we construe this language to mean something other than what it says. However, policy considerations and the purported intentions of the legislature should not support a claim of ambiguity when the statutory language is clear and not in doubt. See City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla. 1993) (where a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (same). Funds in a bank account, from whatever source, are not "due and payable" after they are placed in the bank account.
Moreover, there are far more compelling policy reasons for this Court to refrain from engaging in "judicial legislation." I would not find that workers' compensation benefits are exempt when they are no longer "due and payable," unless the legislature specifically provides for such exemption and spells out its terms. However, because the majority has not deferred to the legislature and has instead created such an exemption, it should complete its "legislative task" by specifying the length of such exemption and whether the exemption applies when the funds have been converted to another form. See majority op. at 4 (suggesting that the legislature address the length of such exemption and the effect of converting the funds into another form).
I also agree with the courts below that the language of section 222.11 is persuasive in the instant case. Section 222.11 clearly shows that the legislature can create such an exemption and spell out its parameters, if it so desires. Thus, I conclude that the legislature has not chosen to expand the exemption for workers' compensation benefits beyond those that are "due and payable."
Finally, I note that I do not disagree with the public policy arguments advanced here. I believe that workers' compensation benefits that have been deposited into a bank account should be exempt for a period of time. In fact, had the majority not preempted the legislature, I would have urged the legislature to create such an exemption.
Because I find nothing to compel or persuade the majority to reach its conclusion, I am compelled and persuaded to dissent.
WELLS, J., concurs.
NOTES
[1] Under section 9 of the Uniform Exemption Act (1996), benefits remain "exempt after receipt by, and while it is in the possession of, the individual or in any other form into which it is traceable, for example, in a bank or savings account." Compare DiDonato v. Rosenberg, 221 A.D. 624, 225 N.Y.S. 46 (1927) (home purchased with workers' compensation benefits was exempted from creditor's claim) with Ball v. Smiddy, 249 S.W.2d 715 (Ky.1952) (home not protected). See C.B. Higgins, Annotation, Construction and Effect of Statutory Exemptions of Proceeds of Workmen's Compensation Awards, 31 A.L.R.3d 532 (1970).