### In re Ronald RYZNER and Celeste D. Ryzner, Debtors.

### Bankruptcy No. 96–15014–9P7.

United States Bankruptcy Court, M.D. Florida, Fort Meyers Division.

April 17, 1997.

Herbert A. Fried, Ft. Myers, FL, for Debtors.

Diane L. Jensen, Ft. Myers, FL, trustee,

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is the Objection by Diane Jensen (Trustee) to the exemption claimed by Ronald Ryzner and his wife, Celeste D. Ryzner (Debtors), for the disability income that Mr. Ryzner receives from the City of Chicago Police Department. In due course, the Debtors filed their Response to the Trustee's objection, and a hearing was held on the matter. The Trustee contends that disability payments are not exempt once they are received and placed in a checking account. The Debtors contend that Florida Statute § 222.18 specifically exempts disability income benefits from legal process.

Florida Statute § 222.18 provides for an exemption of disability income benefits from legal process, stating:

Disability income benefits under any policy or contract of life, health, accident, or other insurance of whatever form, shall not in any case be liable to attachment, garnishment, or legal process in the state, in favor of any creditor or creditors of the recipient of such disability income benefits, unless such policy or contract of insurance was effected for the benefit of such creditor or creditors.

Fla. Stat. § 222.18 (1995).

In *In re Prestien,* 427 F.Supp. 1003, 1006 (S.D.Fla.1977), the court concluded that Florida Statute § 222.18 exempts only those disability benefits that have not been paid to beneficiaries and that the benefits which a debtor had received and deposited in savings accounts were not exempt. The court reasoned, "[an] exemption of disability benefits already paid would place the disabled bankrupt in a favored, rather than an equal position to the non-disabled bankrupt ... [because] a [non-disabled] bankrupt cannot accumulate wages in a savings account while living on the credit of others, and then expect such accumulated wages to be exempt in bankruptcy." *Id.*

Prior to 1985, Florida Statute § 222.11 provided that wages lost their exempt status once they were received and deposited in the bank account. In 1985, however, the Legislature amended section 222.11 by adding an additional sentence which provided, "[T]his exemption shall apply to any wages deposited in any bank account maintained by the debtor when said funds can be traced and properly identified as wages." *See* Fla. Stat. § 222.11 (1989). Further, in 1993, the Legislature again amended section 222.11 to provide that the funds are exempt for six months after earnings are received by the financial institution if they can be traced and properly identified. *See* Fla. Stat. § 222.11 (1993).

In light of the fact that the Legislature did not amend the disability statute to make the same provision, it is the Trustee's contention that the silence or inaction by the Legislature indicates that once the payment has been received and deposited in a bank account, that it is no longer exempt, notwithstanding the provisions of Fla. Stat. § 222.18.

The claim of exemption under consideration, as noted earlier, is a stream of payment which the Debtors are to receive on account of disability. None of the cases cited deal precisely with this issue, but the approach of the Florida courts concerning the exemption of such benefits is illustrated by the recent Supreme Court case of *Broward*

*v. Jacksonville Med. Ctr.,* 690 So.2d 589 (Fla. 1997). In *Broward,* the Florida Supreme Court was called upon to answer the following question which was certified by the lower Court to be of great public importance:

> DOES THE 'DUE OR PAYABLE' LANGUAGE OF SECTION 440.22, FLORIDA STATUTES, MEAN THAT ONCE COMPENSATION BENEFITS HAVE BEEN PAID TO AN INJURED EMPLOYEE OR HIS OR HER BENEFICIARIES THAT SUCH BENEFITS ARE NO LONGER EXEMPT FROM ALL CLAIMS OF CREDITORS?

*Id.*

The Florida Supreme Court, having reviewed the purpose of the benefits under consideration and the decision of the Bankruptcy Court in *In re Fraley,* 148 B.R. 635 (Bankr. M.D.Fla.1992), concluded that the words "due and payable," which terms were involved in the workers' compensation statute under their consideration, Fla. Stat. § 440.22, should not be construed so narrowly as to prevent a beneficiary of such an award to claim as exempt the payments received pursuant to the statute. *See Broward,* 690 So.2d 589. The court stated, "[t]he Workers' Compensation Law was designed to protect employees and their dependents against the hardships that arise from an employee's injury or death arising from the course of employment." *Id.* (citing *McCoy v. Florida Power & Light Co.,* 87 So.2d 809, 810 (Fla. 1956)). As the court noted in *Daniel v. Holmes Lumber Co.,* 490 So.2d 1252, 1256 (Fla.1986),

> Florida's workers' compensation laws are remedial in nature and the courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers.

The Florida Supreme Court noted that the First District Court of Appeals in rejecting the claim of exemption was influenced by the legislative history of the wage exemption in Fla. Stat. § 222.11 (1983), especially the cases which construed the statute prior to its amendment. *See Hertz v. Fisher,* 339 So.2d 1148 (Fla.App.1st Dist.Ct.App.1976); *Holmes v. Blazer Financial Services, Inc.,* 369 So.2d 987 (Fla.App.4th Dist.Ct.App.1979).

The First District Courts of Appeals held, just like the Trustee in the instant case contends, that since the Legislature did not amend the basic statute, in that case Fla. Stat. § 440.22, and in the present instance Fla. Stat. § 222.18, the legislative intent was reflected that the workers' compensation benefits and, in the present case the disability benefits, were no longer exempt once deposited in the bank account. The Florida Supreme Court rejected this reasoning and concluded that the benefits do not lose their exempt character just because they are received and deposited in a bank account, so long as the funds are traceable to the workers' compensation benefits. *See Broward,* 690 So.2d 589.

Based on the foregoing, this Court is satisfied that the decision of the Florida Supreme Court in *Broward* is determinative of the issue raised by the Trustee's objection to the claimed exemption and that disability benefits received and deposited into a checking account maintain their exempt status under Fla. Stat. § 222.18.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption of disability income be, and the same is hereby, overruled, and the disability income is allowed as exempt.