PER CURIAM.
We have for review a decision of the trial court dissolving a post-judgment writ of garnishment issued against a bank account of the ex-husband, which contains disability income payments. We hold that the disability benefits in the account are exempt, but that the writ of garnishment may be proper as to any other funds maintained in the account.
In 1990, the parties to this appeal divorced. Pursuant to the terms of a settlement agreement, incorporated into the final judgment of dissolution, the former wife was awarded periodic alimony. Subsequent to the dissolution, the former husband, a physician, became disabled and now receives $10,000 per month in disability income.
In April of 1995, the former wife obtained a judgment against the former husband in the amount of $85,761.21, representing unpaid alimony. In October of 1995, the former wife obtained a writ of garnishment against several bank accounts maintained by the former husband, including the account containing the proceeds of his disability income. Thereafter, pursuant to the former husband’s motion, the trial court entered an order dissolving the writ. The former wife appeals the order dissolving the writ as it pertains to the bank account containing the disability income.
The amenability of disability income to garnishment is governed by Florida Statutes section 222.18, entitled “Exempting disability income from legal processes,” which provides:
Disability income benefits under any policy or contract of life, health, accident, or other insurance of whatever form, shall not in any case be liable to attachment, garnishment, or legal process in the state, in favor of any creditor or creditors of the recipient of such disability income benefits, unless such policy or contract of insurance was effected for the benefit of such creditor or creditors.
The former wife argues that this statute does not operate to protect the disability income once it leaves the hands of the insurer and is paid to the beneficiary. While there is no ease published by a Florida court discussing the issue, we believe that the supreme court’s opinion in Broward v. Jacksonville Medical Center, 690 So.2d 589 (Fla.1997), supports a conclusion that such benefits are still subject to the protections of section 222.18 following payment to the beneficiary.
In Broward, the issue before the court was whether the “due or payable” language in section 440.22[1] should be interpreted to mean that once worker’s compensation benefits were paid to the employee they were no longer subject to protection from creditors. Finding the statute’s language ambiguous, the court turned to the legislative intent of *767 the worker’s compensation laws, which is “to protect employees and their dependents against the hardships that arise from an employee’s injury or death arising from the course of employment.” Id. at 591 (citing McCoy v. Florida Power & Light, 87 So.2d 809, 810 (Fla.1956)). Given the remedial nature of the statute, the court then found that any doubt should be resolved in favor of the worker and that interpreting the statute so as to allow execution immediately following payment of the benefits was to defeat the very purpose of the exemption. 690 So.2d at 591. The court was careful to limit its holding, however, to funds that could be traced as worker’s compensation benefits. Id. at 592.
We adopt the reasoning of the bankruptcy court in In re Ryzner, 208 B.R. 568 (Bankr.M.D.Fla.1997), applying the Broward analysis to section 222.18.[2] Accordingly, we hold that the statutory exemption for disability benefits, provided by section 222.18, operates not only to protect such benefits in the hands of the insurer, but also in the hands of the insured or beneficiary.
Because the former wife argues on appeal that she is in the position of a judgment creditor and does not question whether a claim for alimony is an exception to the statutory exemption, we do not decide that issue. Cf. Bryant v. Bryant, 621 So.2d 574, 576 (Fla. 2d DCA 1993)(holding that a child support award was an exception to the section 440.22 exemption and explaining that “child support and alimony [are afforded] a special status” and are not viewed by the law as the equivalent of a claim made by a creditor who is not a dependent of the worker).
The record on appeal suggests that not all of the funds in the subject bank account are proceeds from disability income payments. If this is the case, the writ of garnishment may be proper as to those non-disability funds maintained in the account. Therefore, we remand this cause and direct the trial court to conduct a hearing for the purpose of determining the source of the funds. To the extent that the money in the account is traceable as disability benefits, it is exempt.
GLICKSTEIN, WARNER and STEVENSON, JJ., concur.

. Section 440.22 states in relevant part:
No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.

. Indeed, with section 222.18, there is not even the necessity of overcoming the "due or payable” language present in the worker's compensation statute. Compare § 222.18, Fla. Stat. (1995), with § 440.22, Fla. Stat. (1995).