**In re Marie MIX, Debtor.**

**Bankruptcy No. 99–32191–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 14, 2000.

James C. Volpi, Lloyd, Hoskins & Pierce, Fort Pierce, FL, for Debtor.

Alvin S. Goldstein, Boca Raton, FL, for Robert Furr, trustee.

## *ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTION TO EXEMPTION*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS MATTER came on for hearing on September 21, 1999, for consideration of the Trustee's Objection to Exemptions. On September 27, 1999, the Court entered an Agreed Order Sustaining, In Part, Trustee's Objections to Exemptions. The September 27th Order sustained the Trustee's objection to the Debtor's exemption in the 1995 Saturn SL1 Sedan and noted that the Trustee's objection to the exemption in funds held in SunTrust Checking Account No. 0109001442201 had been taken under advisement and would be dealt with in a separate order. Finding certain of the funds directly traceable to the Debtor's workers' compensation lump-sum settlement, the Court sustains the Trustee's Objection to the extent of $1,159.85 and overrules the Trustee's Objection to the extent of $142,821.92.

The Debtor claims the subject funds exempt under § 440.22, Florida Statutes, as proceeds of a workers' compensation claim. The Trustee objects to the exemption on two grounds:

**(a)** the workers' compensation proceeds in the checking account have been commingled with other funds; and

**(b)** $69,800.00 of the workers' compensation claim settlement was allocated for past and future medical expenses and not for past and future compensation benefits.

As support for his position, the Trustee cites the Florida Supreme Court decision in *Broward v. Jacksonville Medical Center,* 690 So.2d 589 (Fla.1997).

In *Broward,* the creditor obtained a judgment against the debtor for an unpaid medical bill. The debtor subsequently suffered a work-related injury resulting in a lump-sum workers' compensation award. After the debtor placed the proceeds of the award in a savings account, the creditor garnished the proceeds of the award held therein. The debtor argued that the funds were exempt from garnishment under Section 440.22, which provides:

No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.

§ 440.22, Florida Statutes (1993). The county court construed the "due or payable" language as limiting the exemption to funds not yet received. The circuit court affirmed, and the Fifth District Court of Appeal certified to the Supreme Court the question of whether the "due or payable" language mandated such a limitation.

The Supreme Court of Florida answered the certified question in the negative and quashed the decision of the lower court. Finding the statutory language "ambiguous at best," the court noted that the legislative intent behind Florida's workers' compensation legislation is to protect employees and their dependents from hardships resulting from work-related injury or death. The court quoted its previous decision in *Daniel v. Holmes Lumber Co.*, 490 So.2d 1252 (Fla.1986): " 'Florida's workers' compensation laws are remedial in nature and the courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers.' " *Broward*, 690 So.2d at 591 (quoting *Daniel*, 490 So.2d at 1256). The court reasoned that allowing a creditor to execute on workers' compensation benefits immediately after they are received would thwart the remedial purpose of the statute.

As support for its conclusion, the *Broward* court noted that the legislature had twice amended § 222.11, Florida Statutes, to provide that wages for a head of family are exempt even after being placed in a bank account and even though they may have been commingled with other funds, as long as the wages can be traced and properly identified. The court opined that its construction of Section 440.22 was consistent with the legislature's treatment of Section 222.11. It reasoned that the legislature had neglected to amend Section 440.22 in a similar manner as Section 222.11 only because no court had ever placed a limiting construction upon the former.

■ The Supreme Court's decision in *Broward* supports neither of the Trustee's grounds for objecting to the exempt status of the funds in the SunTrust checking account. In support of his first contention, the Trustee cites *Broward* for the proposition that the Section 440.22 exemption is applicable only to the extent that the funds are traceable to workers' compensation benefits. The Trustee admits that the Debtor initially opened the SunTrust checking account with the proceeds of the workers' compensation lump-sum settlement, but the Trustee claims that these funds are no longer traceable because the Debtor deposited an additional $1,159.85 into the account prior to the petition date. The Trustee has confused the concept of traceability with that of sequestration. In certain circumstances not present in the instant case, funds must be sequestered in order to maintain a certain legal status. Under Section 440.22, however, funds must only be traceable to workers' compensation benefits to be exempt. In other words, as long as funds can be identified as proceeds of workers' compensation benefits, it does not matter that they are commingled in an account with other funds. In the instant case, $142,821.92 of the funds in the SunTrust account are traceable directly to the Debtor's workers' compensation lump-sum settlement. Indeed, the Trustee provides the tracing himself—calculating the exact sum, $1,159.85, that represents a deposit into the Debtor's SunTrust bank account deriving from a source other than proceeds of the settlement—in the very motion in which he claims the funds are not traceable.

■ The Trustee's legal argument in support of his second ground for objection is also tenuous. He alleges that $69,800.00 of the Debtor's settlement is allocable directly to past and future medical expenses and is therefore not exempt under Section 440.22. This contention is completely without merit. The Trustee did not cite, and the Court did not find, any authority for the proposition that Section 440.22 makes a distinction between settlement proceeds allocable to medical expenses and settlement proceeds allocable to lost wages. The Trustee's only support for his position is that the Supreme Court of Florida determined in *Broward* "that workers' compensation lump sum settlement [sic] were exempt from the claims of creditors as it was consistent with § 222.11 of the Florida Statutes, which exempts wages." The Court finds this argument nonsensical.

Apparently, the Trustee is proposing that since the *Broward* court compared the legislative intent behind Section 222.11 with that behind Section 440.22, the court intended to limit the scope of Section 440.22 to lost wages. The Court determines that no reading of *Broward* could support such a conclusion. Finding no legal support for the Trustee's position, it is hereby

**ORDERED** that the Trustee's Objection to Exemption in funds held in SunTrust Checking Account No. 0109001442201 is sustained to the extent of $1,159.85; and it is further

**ORDERED** that the Trustee's Objection to Exemption in said funds is overruled to the extent of $142,821.92.