755 So.2d 822 (2000)
John SULLO, Petitioner,
v.
CINCO STAR, INC. and Nationsbank, N.A., etc., Respondents.
No. 5D00-90.
District Court of Appeal of Florida, Fifth District.
May 5, 2000.
Patrick B. Calcutt of Militana, Militana & Calcutt, St. Petersburg, for Petitioner.
David S. Hendrix of Cohn, Cohn & Hendrix, P.A., Tampa, for Respondents.
PETERSON, J.
John Sullo, d/b/a Gold Exchange, petitions for a writ of certiorari to review a *823 decision of the circuit court acting in an appellate capacity to review a Hernando County Court judgment. We find that the circuit court applied the correct law and observed the essential requirements of law. Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995); Martin County v. City of Stuart, 736 So.2d 1264 (Fla. 4th DCA 1999). Therefore, the petition is denied.
This case arose in the county court when Cinco Star, Inc. (Cinco), obtained a judgment against Sullo in July, 1997, for a debt originating in June, 1995. Cinco then served a writ of garnishment on Nationsbank, N.A., because it had issued a certificate of deposit (CD) to Sullo in January, 1997. The CD was issued in the name of "John Sullo Workmans Comp Settlement" and represented most of the proceeds of a settlement of a claim by Sullo in the State of New York for workers compensation benefits. Sullo used only the proceeds from the settlement to purchase the CD.
When Nationsbank responded to the writ of garnishment, it asserted a security interest in the CD for a loan it had made to Sullo in April, 1997. Sullo had specifically pledged the CD as security for the loan, and the loan was in default.
At first, Sullo defended against both Cinco's writ of garnishment and Nationsbank's security interest by claiming that the funds represented by the CD were exempt pursuant to section 440.22, Florida Statutes (1997), which provides:
Assignment and exemption from claims of creditors.No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.
But, Sullo then stipulated with Cinco to release the writ of garnishment in exchange for Nationsbank's disbursement of $2,000 from his CD and Cinco's satisfaction of judgment. In doing so, Sullo expressly refused to admit that his funds were subject to garnishment.
Nationsbank then filed a motion for clarification and relief alleging that it was not a party to the stipulation and that it had a prior security interest. Sullo continued his assertion that Nationsbank's security interest was invalid because section 440.22 does not allow assignment to creditors of workers' compensation proceeds and relied upon Broward v. Jacksonville Medical Center, 690 So.2d 589 (Fla.1997). Broward extended the exemption of section 440.22 to traceable proceeds in a bank account. The county court disagreed with Sullo and ordered disbursement of the CD to Nationsbank for the loan balance, $2,000, to Cinco, and the remainder to Sullo. That decision was affirmed by the circuit court.
Sullo continues to rely upon Broward in this appeal. We find it to be inapplicable because the compensation benefits in Broward on deposit were sought by a judgment debtor who had not been specifically granted an interest in the bank account. Here, Sullo specifically pledged the proceeds of the settlement after they had been received.
Once workers' compensation benefits have been received by a beneficiary, no statutory restrictions apply to the use of those benefits by the beneficiary. The beneficiary may preserve or squander the proceeds; he or she is in total control. This control includes the ability to pledge the funds as collateral for a loan after the funds have been received.
The petition for a writ of certiorari is denied.
PETITION DENIED.
HARRIS and GRIFFIN, JJ., concur.