T.C. Summary Opinion 2002-55


UNITED STATES TAX COURT


GERALDINE M. AND ARTHUR F. REID, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6717-01S.          Filed May 22, 2002.


Geraldine M. and Arthur F. Reid, pro se.

Michele A. Yates, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' income tax of $810 in 1998. The issue for decision is whether a settlement payment that Arthur F. Reid (petitioner) received in 1998 is excludable from petitioners' gross income under section 104(a)(1) or (2).

Respondent also determined that petitioners (1) received $322 in income related to the sale of securities, (2) received $16 in interest income from the State of Virginia, and (3) are not entitled to a deduction of $107 claimed on Schedule A, Itemized Deductions. Petitioners did not present any evidence concerning these determinations; therefore, we deem them conceded. Petitioners resided in Fairfax, Virginia, at the time they filed the petition.

Background

In 1995 petitioner worked as a cashier for Chevron Corp. (Chevron) in Florida. Petitioner asserts that he lifted a 5-pound bucket of ice at work and injured his shoulder. Petitioner claimed that he was no longer able to work. He filed a claim for workmen's compensation benefits, but his claim was denied. Petitioner's employment with Chevron ended. The record is not clear as to the reason for the termination of petitioner's employment.

Petitioner commenced a lawsuit in Florida State court against Chevron and its subsidiary American Personnel Services, Inc. (APSI), <u>Reid v. APSI/Chevron</u>, docket No. 96-01490. Petitioner did not produce to either respondent or the Court a copy of the complaint.  As indicated in a statement made in petitioner's attorney's letter, we understand that his cause of action against Chevron was wrongful discharge, intimidation, coercion, and harassment in violation of Fla. Stat. Ann. sec. 440.205 (West 1998), Coercion of employees.  The parties settled the litigation in March 1998, and the case was dismissed with prejudice on March 24, 1998.  Petitioner received $5,000 in settlement proceeds.

Petitioner executed a hold harmless agreement pursuant to which he agreed to indemnify and hold harmless Chevron and APSI from any and all liens and third-party rights, including subrogation from any medical care providers, insurance companies, or any collateral source provider such as Medicare, Medicaid, and Social Security, and from "any claims of said nature including any attorney's fees and costs incurred in defending such actions".

Petitioner also executed a Release and Settlement of Claim pursuant to which he agreed to release and discharge Chevron and APSI from the following:

> all claims and demands, rights and causes of actions of any kind, * * * including any claims for physical injuries, psychiatric injuries, psychology injuries, loss of employment, claims for violation of Chapter 440 of the Florida Statutes, claims for threats of discharge, intimidation, harassment, coercion, wrongful termination, intentional, willful, or malicious violations of Statute 440.205, loss of earning capacity, emotional or mental anguish, punitive damages, mental distress, or any other type of damage claimed or viable as a result.

APSI and Chevron executed a stipulation and order of dismissal with prejudice pursuant to which they agreed to settle the case.

Petitioners filed their Federal income tax return for 1998 as married filing jointly. They did not report the $5,000 received from the settlement. Petitioners allege that Chevron paid the $5,000 settlement for petitioner's pain, suffering, and medical expenses incurred as a result of the injury that occurred while he was employed by Chevron; therefore, the settlement proceeds are not includable in gross income.

Petitioners previously advised respondent (as evidenced by a copy of a letter) that the settlement proceeds were received as "the result of a Accident/Disability settlement incurred when I was hit [by] a Taxicab while riding my bicycle in Florida. All monies [were] for Pain & Suffering or went to therapy and rehabilitation as I was not employed at the time of the accident."

Respondent asserts that the $5,000 payment represents a payment in settlement of a lawsuit brought by petitioner for wrongful discharge from employment by petitioner's former employer; therefore, the settlement proceeds are not excludable from gross income under section 104(a)(2) and are taxable.

Discussion

Section 104(a)(1) and (2)

Pursuant to section 104(a)(1), amounts received under "workmen's compensation acts" as compensation for personal injuries or sickness are excludable from gross income. This section applies to amounts received pursuant to a workmen's compensation act or a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment, but it does not apply to a nonoccupational injury or sickness. Sec. 1.104-1(b), Income Tax Regs.

Under section 104(a)(2), gross income does not include income received as damages (other than punitive damages) received (whether by suit or agreement) on account of personal physical injuries or physical sickness.[1] "Damages received" is defined as

---

[1] Sec. 104(a)(2) was amended by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605(a), 110 Stat. 1838, effective for amounts received after Aug. 20, 1996. When Congress amended sec. 104(a)(2), it further limited the exclusion from gross income for damages received because of a nonphysical injury. Because petitioner claims a physical injury is at the foundation of his cause of action, we may consider the prior statute, regulations, and caselaw for guidance.

"an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution."  Sec. 1.104-1(c), Income Tax Regs.

For the taxpayer's damages to be excludable from gross income under section 104(a)(2), the nature of the claim must be a tort or a tort type right.  United States v. Burke, 504 U.S. 229, 234 (1992); sec. 1.104-1(c), Income Tax Regs.  State law determines the nature of the legal interests involved.  United States v. Mitchell, 403 U.S. 190, 197 (1971).  The taxpayer must also prove that he received the damages on account of personal injuries or sickness.  Commissioner v. Schleier, 515 U.S. 323, 330 (1995).  Statutory exclusions from income are to be narrowly construed.  Id. at 328.

Fla. Stat. Ann. sec. 440.205 provides as follows:  "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."  Fla. Stat. Ann. sec. 440.205 is a statutory cause of action for wrongful discharge.  Scott v. Otis Elevator Co., 572 So. 2d 902, 903 (Fla. 1990) (citing Smith v. Piezo Tech. & Profl. Admrs., 427 So. 2d 182 (Fla. 1983)).  In Scott v. Otis Elevator Co., supra at 903, the Florida Supreme Court stated:

"Section 440.205 reflects the public policy that an employee shall not be discharged for filing or threatening to file a workers' compensation claim."

Fla. Stat. Ann. sec. 440.205 falls within title XXXI, chapter 440, Workers' Compensation of the Florida Statutes. The intent of the Florida legislature with respect to the workers' compensation laws under chapter 440 is set forth in Fla. Stat. Ann. sec. 440.015 (West 1998), Legislative intent, and it provides, in relevant part, as follows:

> It is the intent of the Legislature that the Workers' Compensation Law be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful reemployment at a reasonable cost to the employer. * * *

The Florida workers' compensation laws were designed to protect employees and their dependents against the hardship that arises from an employee's injury in the course of employment. Broward v. Jacksonville Med. Ctr., 690 So. 2d 589 (Fla. 1997).

### Petitioner's Injury and Recovery in Litigation

We now consider whether the settlement petitioner received is excludable from gross income by virtue of section 104(a)(1).[2] It appears that the lawsuit against Chevron was brought for

---

[2] Sec. 7491 does not apply to shift the burden of proof to respondent on these issues because petitioners have neither alleged that sec. 7491 is applicable nor established that they complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests.

wrongful discharge, intimidation, coercion, and harassment under Fla. Stat. Ann. sec. 440.205, which is a workmen's compensation statute.

Petitioner claims to have sustained an injury in 1995, but the nature and extent of the injury are unclear. Petitioner did not submit to the Court any evidence of his injury such as medical bills. At trial, petitioner was unable to provide the date of his injury. Petitioner testified that he was injured while carrying a 5-pound bucket of ice while at work. This conflicts with the previous statement by petitioner in a letter addressed to respondent that he received the $5,000 settlement because he was hit by a taxicab while bicycling. Petitioner explained at trial that the injury from the taxicab was separate from the claim for which he received the $5,000 at hand. We find the inconsistency to be troubling.

Petitioner did not argue, and we do not conclude, that his injury was an occupational injury as is required to exclude the settlement received from gross income under section 104(a)(1). Sec. 1.104-1(b), Income Tax Regs. We conclude that the settlement payment is not excludable from gross income under section 104(a)(1).

We now consider whether the settlement payment is excludable from gross income under section 104(a)(2). As we have already concluded, it appears that the lawsuit against Chevron was

brought under Fla. Stat. Ann. sec. 440.205, which is a workmen's compensation statute. Under section 1.104-1(c), Income Tax Regs., the term "damages received" includes an amount received (other than workmen's compensation). We conclude that petitioner's settlement was not for other than workmen's compensation; therefore, the settlement is not excludable from gross income under section 104(a)(2).

In addition, petitioner did not clearly claim and has not proven and the record does not contain sufficient evidence for us to conclude that his injury was the proximate cause of the lawsuit and the settlement. See Commissioner v. Schleier, supra at 330. Language in the settlement agreements contemplates that petitioner would hold Chevron harmless from medical expenses and claims for physical injuries. We are not convinced that this language indicates that the settlement was paid to compensate petitioner for an injury and that the language contained in the hold harmless agreement or release is anything but standard protective drafting by Chevron.

Moreover, Fla. Stat. Ann. sec. 440.205 does not specifically address a physical injury, and it does not provide for damages to be paid on account of a physical injury, which is the aim of section 104(a)(2). Thus, the lawsuit petitioner brought was not

clearly based on a physical injury under section 104(a)(2), and the settlement was not received in lieu of the prosecution of a physical tort or a tort type injury.

Accordingly, the settlement received is not excludable from gross income under section 104(a)(2).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.