[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 26, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-11707
Non-Argument Calendar
_____

D. C. Docket No. 04-00520-CV-J-32
BKCY No. 03-09605-3F7

IN RE:      JERRY L. HARRELSON,

                                                    Debtor,

LORRAINE H. HARRELSON,

                                                    Joint Debtor.

_____

GORDON JONES, Trustee,

                                                    Plaintiff-Appellant,

                              versus

JERRY L. HARRELSON,
LORRAINE H. HARRELSON,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 26, 2005)**

Before BIRCH, BARKETT and COX, Circuit Judges.

PER CURIAM:

Gordon P. Jones, trustee of the bankruptcy estates of Jerry L. Harrelson and Lorraine H. Harrelson ("Trustee"), appeals the judgment of the district court affirming the decision of the bankruptcy court. The Trustee argues that a brokerage account purchased with workers compensation benefits no longer retains its character as workers' compensation benefits exempt from creditors under Florida Statutes § 440.22. However, we agree with the district court that proceeds of a workers' compensation lump sum settlement retain their character as "workers' compensation benefits in the hands of the beneficiary" when those proceeds are deposited in a brokerage house deposit account and used to purchase securities. *See Broward v. Jacksonville Med. Ctr.*, 690 So. 2d 589, 591 (Fla. 1997). The judgment of the district court is, therefore,

AFFIRMED.